IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-01456-MSK-MEH

JAMES SCHWAB,

       Plaintiff,

v.

CARMEN MARTINO,

       Defendant.

_____

**OPINION AND ORDER GRANTING MOTION TO AMEND COMPLAINT**
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion to Amend

Complaint **(# 26)**, the Defendant's response **(# 31)**, and the Plaintiff's reply **(# 32)**.

This action involves claims for personal injuries sustained by the Plaintiff in a motor

vehicle accident with the Defendant. In the instant motion, the Plaintiff alleges that he has

discovered what he believes to be an attempt by the Defendant to dispose of real property he

owns so as to shield it from a future judgment. Thus, the Plaintiff seeks leave to assert an

equitable claim for fraudulent conveyance pursuant to either C.R.S. § 38-8-101 *et seq.* or Cal.

Civil. Code § 3439 *et seq.*

Leave to amend a pleading is to be "freely granted." Fed. R. Civ. P. 15(a). The Court

should only deny leave to amend where it finds bad faith, undue delay resulting in prejudice, or

where the new claims sought to be added are futile. *Beerheide v. Zavaras*, 997 F.Supp. 1405,

1409 (D. Colo. 1998), *citing Foman v. Davis*, 371 U.S. 178, 182 (1962). The Defendant

opposes the request to amend, arguing that the proposed amendment is prejudicial, in that it would "provid[e] the jury with prejudicial and inadmissible evidence regarding defendant's net worth and means to satisfy a judgment." The Defendant further contends that the existence of a fraudulent conveyance claim presupposes the existence of a judgment, and thus, interposing the claim at this time is premature.

Both arguments are without merit. The Plaintiff contends, without dispute by the Defendant, that the fraudulent conveyance claim is an equitable one, and thus, the claim will be determined by the Court, not a jury. Whether the claim is legal or equitable is not entirely clear. *Compare Ciccarelli v. Guaranty Bank*, 99 P.3d 85, 88 (Colo. App. 2004) (claim is equitable under Colorado law) *and Double Oak Const. LLC v. Cornerstone Development Intl.*, 97 P.3d 140, 149 (Colo. App. 2003) *with Wisden v. Superior Court*, 21 Cal.Rptr.3d 523 (Cal App. 2004) (parties have right to jury trial on claim under California law).[1] If the claim is indeed equitable, there will be no risk of prejudice to the Defendant before the jury, as the Court would hear the facts relating to that claim at a separate evidentiary hearing after verdict. Even if the claim is an one in which the parties are entitled to a jury determination (and assuming that a party invokes that right), the Court is confident that a range of various measures, including carefully-crafted factual stipulations, limiting instructions, special interrogatories, and even bifurcation of issues can minimize the risk of undue prejudice to the Defendant.

---

[1]At the pleading stage, it is permissible for the Plaintiff to assert that the claim arises under either Colorado or California law. However, at the time that a disposition of the claim is sought, be it on summary judgment or at trial, the parties will be expected to take definitive positions as to which state's law is applicable to the claim.

As to the argument that the claim is premature, the Plaintiff is correct that under both Colorado and California law, a claim for fraudulent conveyance can be asserted prior to the entry of a judgment. *Emarine v. Haley*, 892 P.2d 343, 347 (Colo. App. 1994) ("a plaintiff may state a claim for money and a claim to have set aside a conveyance fraudulent as to him, without first having obtained a judgment establishing the claim for money"), *quoting Huntress v. Huntress' Estate*, 235 F.2d 205 (7th Cir.1956); *Malaquias v. Novo*, C59 Cal. Ap. 2d 225, 230-31 (Cal. App. 1943) (plaintiff "is authorized to maintain an action to set aside a fraudulent sale . . . even though his claim which is based on a tort may not be reduced to judgment until after the subsequent equitable suit is commenced").

Accordingly, the Plaintiff's Motion to Amend **(# 26)** is **GRANTED**. The Plaintiff shall file the proposed Amended Complaint within 5 days of the date of this Order.

Dated this 31st day of August, 2006

                        **BY THE COURT:**

                        Marcia S. Krieger
                        United States District Judge